Seely v. Carlson.

------

No. 27,006.

PEARL HEAD SEELY, *Appellee,* v. OSCAR CARLSON, Sheriff of the County of Shawnee, *Appellant.*

SYLLABUS BY THE COURT.

1. REPLEVIN—*Evidence—Ownership of Automobile.* The evidence was sufficient to show that the plaintiff was the owner of the automobile in question.

2. MOTOR VEHICLES—*Sale of Automobile—Application of Statute Regulating Sale.* Sections 8-108, 8-117 and 8-118 of the Revised Statutes control where a registered or used automobile is sold, but do not operate where a person purchases from a regular dealer a new automobile for another person and then gives it to the person for whom it was purchased.

Appeal from Shawnee district court, division No. 1; JAMES A. McCLURE, judge. Opinion filed January 8, 1927. Affirmed.

*Robert Stone, George T. McDermott, Robert L. Webb* and *Beryl R. Johnson,* all of Topeka, for the appellant.

*R. M. Lee,* of Topeka, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.:   The action is one in replevin by which the plaintiff seeks to recover an automobile from the sheriff of Shawnee county upon which he had levied an execution issued out of the district court of Shawnee county in a divorce action wherein Cora Seely was plaintiff and Clement Seely was defendant, and in which Cora Seely had recovered judgment against Clement Seely for the

Motor Vehicles, 28 Cyc. p. 44 n. 80.   Replevin, 34 Cyc. p. 1508 n. 61; 23 R. C. L. 926.

payment of alimony. Judgment was rendered in favor of the plaintiff, and the defendant appeals.

1. One question, if not the principal one in the case, is the ownership of the property. Did the plaintiff own it or did Clement Seely own it? The evidence which tended to show that the plaintiff was the owner of the car was that Clement Seely purchased the car, a new one, of an automobile owner in Topeka, for the purpose of giving it to the plaintiff; that he gave it to her; and that she accepted the gift, drove it, and thereafter controlled it. Clement Seely denied that he owned the car and testified that he purchased it for the plaintiff. Her ownership of the car was a question of fact to be found from the evidence. That question was determined in her favor, and that determination is conclusive in this court, unless the gift of the car by Clement Seely to the plaintiff was void because the statutes concerning the transfer of used cars was not complied with.

2. The defendant urges that the gift of the car from Clement Seely to the plaintiff was void because the car was registered when purchased in the name of Clement Seely, because the transfer of the car was not reported to the secretary of state as required by section 8-108 of the Revised Statutes, because a bill of sale of the car was not signed by Clement Seely and delivered to the plaintiff as required by section 8-117 of the Revised Statutes, and because the sheriff of Shawnee county and the chief of police of Topeka were not notified of the transfer of the car as required by section 8-118 of the Revised Statutes. These statutes regulating the transfer of cars from one person to another concern the sale of registered or used cars. The car in controversy at the time it was given to the plaintiff was a new car. It had not been registered and it had not been used. It was purchased from the dealer by Clement Seely for the plaintiff and was immediately given to her. He had the right to buy the car for her and give it to her, notwithstanding the claims of any other person who was not then a creditor of Clement Seely. The statutes referred to did not prevent Clement Seely from buying the car for the plaintiff nor from making a valid gift of it to her, neither do they prevent her from asserting the ownership of the car against the defendant.

The judgment is affirmed.

BURCH and HARVEY, JJ., dissenting.